21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Diane Marie HALL, Defendant-Appellant.
 No. 93-1105.
 United States Court of Appeals, Tenth Circuit.
 March 22, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, LOGAN and ANDERSON, Circuit Judges.
 
 
 1
 Diane Marie Hall entered a conditional plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). She appeals her conviction contending (1) that she lacked the requisite prior conviction under 922(g)(1) because her civil rights and her right to possess a firearm were intact under Colorado law at the time of her arrest, 18 U.S.C. 921(a)(20), and (2) that the warrant issued for the search of her residence and its execution were constitutionally defective. We affirm.
 
 BACKGROUND
 
 2
 This case arose under "unusual circumstances," in the words of a police officer. On January 31, 1992, a vehicle being used for undercover work by the Colorado Springs Police Department was stolen. When stolen, the vehicle contained the case files for the ongoing investigation of Walter and Diane Hall.
 
 
 3
 Fearing that the thief would see files, warn the Halls, and compromise the investigation, police hurriedly prepared an affidavit and warrant to search the Halls' residence. The thirty-eight page, single-spaced affidavit set forth the information police had gathered (mostly from confidential informants) in the past two years about the Halls. A judge signed the warrant just before midnight, authorizing a "no-knock" entry.
 
 
 4
 Police executed the warrant shortly thereafter. Detectives searched the entire residence and seized many items, including documents, receipts, personal papers, and some items of clothing and jewelry. Detectives also seized three handguns, which were unloaded and locked inside a cabinet, together with ammunition.
 
 
 5
 The government charged Ms. Hall with three federal firearms violations under 18 U.S.C. 922(a)(6), (g)(1), and (n). Two charges were dropped when she entered a conditional guilty plea to violating 922(g)(1). Ms. Hall had been convicted in 1991 for possession of a controlled substance in Colorado Springs, Colorado.
 
 DISCUSSION
 I.
 
 6
 Ms. Hall first contends that 921(a)(20) excludes her prior conviction from consideration as a predicate offense under 922(g)(1). The district court denied this motion on the ground that her civil rights were not "restored" within the meaning of 921(a)(20). R. Vol. VII at 29-30. We uphold the district court's conclusion that 921(a)(20) does not exclude the prior conviction, but on different grounds.
 
 
 7
 "We look to the whole of state law in evaluating the restoration of federal firearms privileges, and [i]f state law has restored rights to a felon, without expressly limiting the felon's firearms privileges, that felon is not subject to federal firearms disabilities.' " United States v. Hall, No. 93-1097, slip op. at 7 (10th Cir. [date], 1994) (quoting United States v. Cassidy, 899 F.2d 543, 546 (6th Cir.1990) (citation omitted)). Thus, if state law expressly prohibits a convicted criminal from possessing firearms, even a complete restoration of civil rights will not exempt the person from 922(g)(1).
 
 
 8
 Ms. Hall's sentence for her 1991 conviction was a four-year probation, an express condition of which prohibited her from possessing firearms. She was still on probation at the time of her arrest in the present case. Thus, her possession of firearms violated a Colorado court order.
 
 
 9
 Ms. Hall contends that a court-ordered condition of probation is not "state law," and therefore should not be considered under 921(a)(20). We reject this distinction. Her violation of Colorado law subjected her to probation, and Colorado law expressly authorized the court to impose the condition prohibiting her from possessing firearms as a condition of probation. Colo.Rev.Stat. 16-11-204(2)(f). We hold that this express limitation with respect to firearms during the term of her probation precluded the restoration of her federal firearms privileges as defined under 921(a)(20). Thus, her prior conviction properly supported a 922(g)(1) charge.
 
 II.
 
 10
 We next consider whether the district court correctly denied Ms. Hall's motion to suppress evidence obtained in the search of her residence. Ms. Hall first contends that the affidavit in support of the search warrant failed to establish probable cause and was tainted by knowing or reckless misstatements and omissions.
 
 
 11
 We give "great deference" to the issuing magistrate's finding of probable cause. Illinois v. Gates, 462 U.S. 213, 236 (1983). We need only find that the issuing magistrate had a "substantial basis" for concluding that the search would uncover evidence of wrongdoing. Id.; United States v. Wicks, 995 F.2d 964, 972 (10th Cir.), cert. denied, 114 S.Ct. 482 (1993). A warrant is not made invalid by false information or omissions in the affidavit, even intentionally or recklessly made, if the remaining allegations establish probable cause, see Franks v. Delaware, 438 U.S. 154, 171-72 (1978); United States v. Morehead, 959 F.2d 1489, 1498 (10th Cir.1992), and such probable cause is not vitiated by consideration of the omissions. Stewart v. Donges, 915 F.2d 572, 582 (10th Cir.1990).
 
 
 12
 Ms. Hall argues in detail that the lengthy affidavit prepared hastily in this case contains some apparent inaccuracies as well as some information insufficiently connected to the Halls. Appellant's Brief at 22-34. Furthermore, an important confidential informant, CI 673, had credibility problems known to the affiant, and that fact was not related to the issuing magistrate. Id. at 18-20. The affidavit, however, describes two occasions on which CI 673, under close supervision by police, went to the Halls' residence and returned with substances believed to be methamphetamines. R. Vol. I, Tab 5, Attachment A at 32-37. These two transactions occurred on January 11 and January 25, 1992, and the warrant was issued on January 31, 1992. Primarily on the strength of these transactions, we find a "substantial basis" upon which the magistrate could have based a finding of probable cause. See Illinois v. Gates, 462 U.S. at 234 (noting under a totality-of-the-circumstances analysis, even if there is some doubt as to an informant's credibility, "his explicit and detailed description of alleged wrongdoing ... observed firsthand, entitles his tip to greater weight than might otherwise be the case").
 
 
 13
 We next consider Ms. Hall's contention that the search warrant "failed to particularly describe the things to be seized." Appellant's Brief at 38. The particularity requirement of the Fourth Amendment prevents "general, exploratory rummaging in a person's belongings," Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971), and "ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause.' " Wicks, 995 F.2d at 973 (quoting Voss v. Bergsgaard, 774 F.2d 402, 404 (10th Cir.1985)). In order to meet the particularity requirement, a description must "enable[ ] the searcher to reasonably ascertain and identify the things authorized to be seized." United States v. Leary, 846 F.2d 592, 600 (10th Cir.1988) (quoting United States v. Wuagneux, 683 F.2d 1343, 1348 (11th Cir.1982), cert. denied, 464 U.S. 814 (1983)). The district court found the warrant sufficiently particular. R. Vol. VI at 12. We review this conclusion de novo. Wicks, 995 F.2d at 973.
 
 
 14
 The warrant to search the Halls' residence specified fifteen categories of items to be searched and possibly seized. R. Vol. I, Tab 5, Attachment B. Comparing this warrant to others we have upheld in similar searches related to suspected drug trafficking, we conclude that it meets the requirement of particularity. See, e.g., Wicks, 995 F.2d at 967, 973-74; United States v. Sullivan, 919 F.2d 1403, 1424 & n. 31 (10th Cir.1990); United States v. Harris, 903 F.2d 770, 774-75 (10th Cir.1990).
 
 
 15
 Ms. Hall also contends that the execution of the search was overbroad, exceeding the scope of the warrant. She challenges the seizure of "numerous items which were not particularized in the search order, including Navy photos, cable box receipts, mutual fund folders, ... [and] many, many more documents which were in no manner related to criminal or otherwise suspect activity." Appellant's Brief at 40.
 
 
 16
 The warrant authorized agents to seize, among other things, "drug transaction records," financial documents and receipts, employment records, and travel documents. R. Vol. I, Tab 5, Attachment B. The district court found that "in some cases file drawers were taken containing groups of documents without taking the time to examine each piece of paper as it was seized," but that the general files seized in this case contained "a substantial number of documents relevant to the investigation." R. Vol. VI at 13-14. Ms. Hall does not contest these findings.
 
 
 17
 We agree with the district court that the search was proper and that seizure of the items above was not the result of a general search. Where drug trafficking is suspected, search warrants commonly authorize an extensive seizure of documents that are not easily described with particularity. See, e.g., Sullivan, 919 F.2d at 1424 n. 31; Harris, 903 F.2d at 775. In such cases, the inadvertent seizure of a few documents not relevant to potential criminal activity does not violate the Fourth Amendment, particularly when it would be impractical and intrusive for police to sift through many documents in order to segregate those outside the warrant. See United States v. Riley, 906 F.2d 841, 845 (2d Cir.1990) ("[A]llowing some latitude in this regard simply recognizes the reality that few people keep documents of their criminal transactions in a folder marked drug records.' "); United States v. Henson, 848 F.2d 1374, 1383-84 (6th Cir.1988), cert. denied, 488 U.S. 1005 (1989).
 
 
 18
 For the foregoing reasons, Ms. Hall's conviction is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470